UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ross B.,                                                     Case No. 23-cv-0235 (WMW/JFD)

                                    Plaintiff,

                                                                          **ORDER**

          v.

Kilolo Kijakazi, *Acting Commissioner of
the Social Security Administration*,

                                    Defendant.

---

This matter is before the Court on the parties' cross-motions for judgment on the administrative record.  (Dkts. 12, 14.)  For the reasons discussed below, the Court grants Plaintiff's motion, denies Defendant's motion and remands this case to Defendant for further consideration.

## BACKGROUND

Plaintiff Ross B.[1] filed an application for disability insurance benefits on December 11, 2020.  Admin. Rec. (Dkt. 9 at 236.)  Plaintiff alleged that he became disabled and unable to work as of August 8, 2019, as a result of a head injury and back problems.[2]  *Id.* at 259.

---

[1]     This District has adopted the policy of using only the first name and last initial of nongovernmental parties in orders in Social Security matters.

[2]     It appears that Plaintiff suffered this injury in an accident at work.  His briefing references an unspecified "accident" (Dkt. 12 at 4-5), and the records submitted to the Court indicate that he retained an attorney for a worker's compensation claim.  Admin Rec. (Dkt. 9 at 265.)  The record does not include a description of the accident or the extent of Plaintiff's injury.

For purposes of Social Security disability benefits, an individual is considered disabled if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). If that requirement is satisfied, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. At step four, the claimant bears

2

the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work that exists in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. Admin. Rec. at. 95-99, 101-05. In January 2022, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. *Id.* at 33-54. Plaintiff testified at this hearing and was represented by an attorney. After the hearing, the ALJ determined that Plaintiff had multiple severe impairments: degenerative disc disease, obesity, migraine headaches, traumatic brain injury with post-concussive symptoms, and attention deficit hyperactivity disorder ("ADHD"). *Id.* at 16. The ALJ found, however, that none of these impairments, either alone or in combination, met or medically equaled any of the listed impairments. *Id.* at 17. The ALJ determined that Plaintiff has the capacity for light work with multiple physical and mental restrictions. *Id.* at 20-21. Although this RFC meant that Plaintiff could not return to his previous work as a pipe fitter, the ALJ found that there are jobs that Plaintiff could perform in the national economy. *Id.* at 26-27. For this reason, the ALJ concluded that Plaintiff was not disabled. *Id.* at 28. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. *See* 42 U.S.C. § 405(g)

(providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

## ANALYSIS

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff argues that the ALJ improperly evaluated his headaches under the relevant listing and erred in rejecting the limitations the state agency consultant imposed.

### I.    Step 3 Determination

The third step of the disability determination requires the ALJ to determine whether Plaintiff's alleged impairments meet or medically equal a listing-level impairment. 20 C.F.R. § 416.920(a)(4)(iii). The ALJ evaluated Plaintiff's headaches under Listing 11.02, which the Commissioner has determined is "the most closely analogous listed impairment for [a medically determinable impairment] of a primary headache disorder." *Titles II & XVI: Evaluating Cases Involving Primary Headache Disorders*, SSR 19-4p, 2019 WL

4

4169636, at *7 (S.S.A. Aug. 26, 2019).  Listing 11.02, however, is the listing for epilepsy.

Evaluation of epilepsy requires determinations regarding an individual's seizures,

something that is not usually present with headache disorders.  *See id.* (noting that it is

"uncommon" for people with primary headache disorder to suffer from seizures).

The ruling, therefore, requires the ALJ to consider whether Plaintiff's headaches are

equal in severity and duration to the criteria in 11.02B or 11.02D, not whether the claimant

meets the criteria specified in those listings.  *Id.*  The ruling provides that the ALJ will

consider under both 11.02B and 11.02D

> [a] detailed description from an [acceptable medical source] of a typical
> headache event, including all associated phenomena (for example,
> premonitory symptoms, aura, duration, intensity, and accompanying
> symptoms); the frequency of headache events; adherence to prescribed
> treatment; side effects of treatment (for example, many medications used for
> treating a primary headache disorder can produce drowsiness, confusion, or
> inattention); and limitations in functioning that may be associated with the
> primary headache disorder or effects of its treatment, such as interference
> with activity during the day (for example, the need for a darkened and quiet
> room, having to lie down without moving, a sleep disturbance that affects
> daytime activities, or other related needs and limitations).

*Id.*  To evaluate the impairment under Listing 11.02D, the ALJ must also consider "whether

the overall effects of the primary headache disorder on functioning results in marked

limitation in: Physical functioning; understanding, remembering, or applying information;

interacting with others; concentrating, persisting, or maintaining pace; or adapting or

managing oneself."  *Id.*

The ALJ did not evaluate Plaintiff's headaches as this ruling instructs, however.

Instead, the ALJ discussed only whether Plaintiff's headaches caused seizures as described

in Listing 11.02.  Admin. Rec. at 18.  The ALJ did not acknowledge the difference between

what the listing as written requires and what the ruling states about how to evaluate headaches under the listing.

The Commissioner's argument invites the Court to look beyond the ALJ's findings and determine that the ALJ would not have found Plaintiff to meet Listing 11.02B or 11.02D even if the ALJ had discussed the proper criteria for that evaluation. But the Court cannot re-examine or re-weigh the evidence. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). It is the ALJ's job, in the first instance, to properly apply the regulations and accompanying rulings to determine whether Plaintiff meets or medically equals a listing. Because the ALJ did not do so here, remand is required.

## II.     Functional Restrictions in Consultant's Opinion

Having determined that remand is required for an analysis of Listing 11.02, the Court declines to address Plaintiff's alternative argument regarding the ALJ's adoption of the restrictions imposed by the state agency consultants. On remand, however, the ALJ is not required to adopt any specific limitation in any persuasive medical opinion. *See Mark S. v. Saul*, No. 18-CV-02936-HB, 2020 WL 1043795, at *6 (D. Minn. Mar. 4, 2020) (The ALJ "is not required to adopt all limitations proposed by [expert reviewers]—even if the ALJ has accorded that [expert's] opinion substantial weight."). Nor is the ALJ required "to provide reasons for failing to adopt certain limitations identified by the state agency consultants." *Nicolls v. Astrue*, 874 F. Supp. 2d 785, 802 (N.D. Iowa 2012). Plaintiff's arguments to the contrary are without merit.

## ORDER

The ALJ erred in analyzing Plaintiff's impairment under Listing 11.02 and SSR 19-4p.  Therefore, based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendant Kilolo Kijakazi's motion for summary judgment, (Dkt. 14), is **DENIED**.

2.      Plaintiff Ross B.'s motion for summary judgment, (Dkt. 12), is **GRANTED**.

3.      This matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 31, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge